IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01449-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

PAUL C. ARCHULETTA,

    Petitioner,

v.

[NO NAMED DEFENDANT],

    Defendants.

---

ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Petitioner, Paul C. Archuletta, has filed a Letter with the Court (ECF No. 1) that is completely unintelligible. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the document is deficient as described in this order. Petitioner will be directed to cure the following if he wishes to pursue his claims. Any papers that Petitioner files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X   is not submitted
(2)   ___   is missing affidavit
(3)   X   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (**necessary only if Petitioner is filing a civil right action pursuant to 42 U.S.C. § 1983**).
(4)   X   is missing certificate showing current balance in prison account (**necessary if Petitioner is filing a habeas corpus action**)
(5)   ___   is missing required financial information
(6)   ___   is missing an original signature by the prisoner
(7)   ___   is not on proper form
(8)   ___   names in caption do not match names in caption of complaint, petition or habeas application
(9)   ___   An original and a copy have not been received by the Court.

                    Only an original has been received.
(10)   X   other: (**Petitioner may pay the applicable filing fee in lieu of filing a § 1915 Motion and Affidavit**).

**Complaint, Petition or Application**:
(11)   X   is not submitted
(12)   __   is not on proper form (must use the Court's current form)
(13)   __   is missing an original signature by the prisoner
(14)   __   is missing page no. __
(15)   __   uses et al. instead of listing all parties in caption
(16)   __   An original and a copy have not been received by the Court. Only an original has been received.
(17)   __   Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18)   __   names in caption do not match names in text
(19)   __   other:

      The Prisoner Complaint or habeas corpus action that Mr. Archuletta files must comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings

violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Archuletta is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is Mr. Archuletta's responsibility to present his claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Archuletta must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Mr. Archuletta's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Archuletta is advised that Rule 10.1 of the Local Rules of Practice for

this Court requires that all papers filed in cases in this Court be in a 12-point font, double-spaced, and legible.  *See* D.C.COLO.LCivR 10.1.  The amended Complaint Mr. Garcia will be directed to file, whether handwritten or typed, shall be in a 12-point font, double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  Mr. Archuletta will be given an opportunity to file a Prisoner Complaint or a habeas corpus application that  states claims clearly and concisely in compliance with Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Petitioner, Paul C. Archuletta, cure the deficiencies designated above **within thirty (30) days from the date of this order**.  If Petitioner intends to pursue a civil rights action challenging the conditions of his confinement, he must file a Prisoner Complaint, as well as a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Mr. Archuletta may pay the $400.00 filing fee applicable to civil rights actions in lieu of filing a § 1915 Motion and Affidavit.  If Petitioner intends to pursuant a habeas corpus action, he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (if he is challenging the legality of a state court conviction or sentence) or an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (if he is challenging his custody prior to conviction, or if he is challenging the execution of his sentence).  Mr. Archuletta must also submit a § 1915 Motion and Affidavit, or pay the $5.00 filing fee applicable to habeas corpus actions.  Any papers that Petitioner files in response to this order must include the civil action number on this

order.  It is

FURTHER ORDERED that Petitioner shall obtain the Court-approved forms for filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a Prisoner Complaint, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or § 2241, along with the applicable instructions (with the assistance of his case manager or the facility's legal assistant), at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies.  It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty days from the date of this order**, this action may be dismissed without further notice.

DATED May 27, 2014, at Denver, Colorado.

BY THE COURT:


 s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge